■ ANTE BULJANOVIC, Appellant, v. GRACE LINES, INC., Respondent.— Order entered July 11, 1968 which dismissed the complaint pursuant to CPLR 3211 (subd. [a], par. 7) for failure to state a cause of action, unanimously reversed, on the law, with $50 costs and disbursements to plaintiff-appellant, and the motion denied. Contrary to the conclusion drawn by the Special Term that the tow truck owned by the defendant-respondent was not involved directly in movement of things into or from the vessel, the complaint specifically alleges that the truck, the offending instrumentality involved in the accident, was in use at dockside in the loading and unloading operations of the defendant's S.S. *Santa Mariana.* Moreover, assuming that such opinion was reached by the Special Term on the basis of matter dehors the pleading (*Whitley* v. *Pacific Ind.,* 28 A D 2d 147), the question of whether the tow truck was involved in the movement of things into or from the vessel is a factual one which must await the trial. In addition, and assuming again that the motion was treated as one for summary judgment, whether the maritime doctrine of unseaworthiness is applicable to this shore based loading device must await exploration of the facts upon the trial.

We must observe, nevertheless, that it is not essential to a maritime claim under the doctrine of unseaworthiness that the appliance causing the pier-side injury to a longshoreman be actually or functionally connected to the ship's gear — that the source of injury emanate from the vessel. (*Huff* v. *Matson Navigation Co.,* 338 F. 2d 205, cert. den. 380 U. S. 943; *Spann* v. *Lauritzen,* 344 F. 2d 204, cert. den. 382 U. S. 938.) Finally, and in any event, the complaint should not have been dismissed on motion since it states a cause of action bottomed on defendant's failure to provide plaintiff a reasonably safe place to work. (*Kober* v. *Kober,* 16 N Y 2d 191; *Foley* v. *D'Agostino,* 21 A D 2d 60.) Concur — Botein, P. J., Stevens, Tilzer, McGivern and Bastow, JJ.